# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### COLUMBIA DIVISION

| | |
|---|---|
| JAMES ELLIS FARRIS, #453078, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-00045 |
| | ) Judge Trauger |
| EMPLOYED MEDICAL STAFF AND | ) |
| SUBCONTRACTED MEDICAL STAFF | ) |
| AT SOUTH CENTRAL, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff James Farris, an inmate of the South Central Correctional Facility (SCCF), filed a civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1 ("the Complaint")), an application for leave to proceed in forma pauperis (IFP) (Doc. No. 2), and a Motion for Appointment of Counsel. (Doc. No. 3.)

This case is before the court for ruling on the plaintiff's IFP application and Motion, and for initial review of the Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

### I. PAUPER STATUS

Subject to certain statutory requirements, *see* 28 U.S.C. § 1915(a)(1)–(2), (g), a prisoner bringing a civil action may be permitted to proceed as a pauper, without prepaying the $405 filing fee. Because the plaintiff's IFP application complies with the applicable statutory requirements and demonstrates that he lacks the funds to pay the entire filing fee, his IFP application (Doc. No. 2) is **GRANTED**.

Nevertheless, prisoners bringing civil lawsuits are "required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Where the prisoner proceeds IFP, the fee is $350 instead of $405, *see id.* § 1914(a)–(b) & Dist. Ct. Misc. Fee Schedule, provision 14 (eff. Dec. 1, 2023), and may be paid in installments over time via an assessment against his inmate trust account. *Id.* § 1915(b)(1)–(2).

Accordingly, the plaintiff is **ASSESSED** a $350 filing fee. The fee will be collected in installments as described below.

The warden of the facility in which the plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this order to the warden of the facility in which the plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance with the order. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

**A. Legal Standard**

In cases filed by prisoners, the court must conduct an initial screening and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Complaint states a claim upon which relief may be granted, the court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A viable claim is stated under 42 U.S.C. § 1983 if the Complaint plausibly alleges (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The court must afford the pro se Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to the plaintiff. *Inner City*, *supra*.

## B. Factual Allegations

The Complaint alleges that, between December 6, 2011 and March of 2018, the plaintiff's "health assessment records" included medical restrictions against lifting more than 20 pounds, stooping or bending, climbing or balancing on uneven ground, or continuous standing or activity. (Doc. No. 1 at 6.) He was also restricted to housing on the first floor in a bottom bunk. (*Id.*) Even though the medical conditions that led to these restrictions (visual impairment, hypertension, pulmonary condition, severe neuropathy, and migraines accompanied by vomiting) only worsened over time, beginning in March of 2018, the restrictions were removed from plaintiff's "medical profile." (*Id.*) As a result, the plaintiff was "placed in living conditions that led to numerous injuries, even leading to assaults." (*Id.*) He has grieved this situation many times "over the years," to no avail. (*Id.*) His condition requires that he be seen by a specialist, "which took over 2 years to be granted." (*Id.*) The plaintiff alleges that "the duration in which this issue has not been resolved has resulted in years of pain, mental strain, anguish, suffering and injury." (*Id.* at 7.)

## C. Analysis

The plaintiff claims a violation of his Eighth Amendment rights and seeks compensation "due to all the pain, malpractice and mistreatment of [his] condition" since March 2018. (Doc. No. 1 at 7.) He attributes his suffering to the post-March 2018 "medical assessment[s'] inaccuracy, and the difficulty to be assessed correctly." (*Id.* at 6–7.) Although it took two years to be approved, the plaintiff is apparently under the care of a specialist. (*Id.* at 6.) Nonetheless, because SCCF has failed to provide him "standard and honest healthcare" over the years, the plaintiff asks the court to order that he be seen by physicians not affiliated with the prison system, that "staff listed from March 2018 to present [] be reprimanded," and that he be awarded compensation for every day he has suffered since March 2018. (*Id.* at 7.)

4

The Complaint was filed in June of 2025, more than seven years after the plaintiff discovered that the restrictions were removed from his medical profile, in March of 2018. "Although the statute of limitations is an affirmative defense that a plaintiff ordinarily need not plead to state a claim, dismissal of the plaintiff's claim is appropriate when 'the allegations in the complaint affirmatively show that the claim is time-barred.'" *Wershe v. City of Detroit, Michigan*, 112 F.4th 357, 364 (6th Cir. 2024), *cert. denied sub nom. Wershe v. Detroit*, 145 S. Ct. 1128 (2025) (citing *Baltrusaitis v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers*, 86 F.4th 1168, 1178 (6th Cir. 2023)). No statute of limitations expressly applies to claims under Section 1983, which instead "borrow the personal-injury statute of limitations from the state in which the claim arose." *Id.* at 365 (quoting *Zappone v. United States*, 870 F.3d 551, 559 (6th Cir. 2017)). In Tennessee, the applicable limitations period is one year. *Dibrell v. City of Knoxville, Tennessee*, 984 F.3d 1156, 1161 (6th Cir. 2021) (citing Tenn. Code Ann. § 28-3-104(a)(1)). Accordingly, to the extent that the Complaint claims that the plaintiff's constitutional right to adequate medical care was violated when his medical restrictions were removed in March 2018, that claim is clearly untimely. *See Frasure v. Shelby Cnty. Sheriff's Dep't*, 4 F. App'x 249, 250 (6th Cir. 2001) ("Under federal law, a cause of action generally accrues when the plaintiff has reason to know of his injury, or at the time of the defendants' action, and not when the consequences become most painful.") (citing *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981)).

To the extent that the plaintiff claims an Eighth Amendment violation by reference to his more recent dissatisfaction with his medical care at SCCF—where he is receiving treatment from medical personnel including a specialist, albeit under allegedly "inaccura[te]" medical assessments (Doc. No. 1 at 6)—he fails to state a viable claim. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally

5

reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Here, the plaintiff claims "malpractice and mistreatment" and seeks to be provided with "standard and honest healthcare" from physicians who can "write a sound, unbiased treatment plan." (Doc. No. 1 at 7.) But "[a]n inmate's disagreement with the testing and treatment he has received . . . does not rise to the level of an Eighth Amendment violation. Nor does a desire for additional or different treatment . . . suffice to support an Eighth Amendment claim." *Rhinehart v. Scutt*, 894 F.3d 721, 740 (6th Cir. 2018) (citations and internal quotation marks omitted). Instead of supporting a claim that the SCCF medical providers were deliberately indifferent to his medical needs, the plaintiff's allegations suggest a cause of action for medical malpractice—which "does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also*, *e.g.*, *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009) (relying on *Estelle*, *supra*).

In sum, the Complaint fails to state a timely, plausible claim that the plaintiff's Eighth Amendment rights were violated. It must therefore be dismissed.

### III. CONCLUSION

For the reasons discussed above, this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted. In light of the dismissal, the plaintiff's Motion for Appointment of Counsel (Doc. No. 3) is **DENIED** as moot.

The court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

7